

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 940 | **DATE** | 2/18/2003 |
| **CASE TITLE** | Willie Mwachande vs. System Parking, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on any of the claims plaintiff asserts against defendant. Defendant's motion for summary judgment is, therefore, granted. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 19 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 26 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 03 FEB 18 PM 3:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE MWACHANDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 940 |
| ) | Paul E. Plunkett, Senior Judge |
| SYSTEM PARKING, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Willie Mwachande has sued System Parking, Inc. for its alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. The case is before the Court on defendant's Federal Rule of Civil Procedure 56(c) motion for summary judgment. For the reasons set forth below, the motion is granted.

### Facts[1]

Defendant is a corporation that manages more than eighty parking garages in the Chicago area. (Def.'s LR 56.1(a) Stmt. ¶ 1.) From 1984 until 1997, plaintiff, who is African American, was employed by defendant as a parking attendant. (Id. ¶ 4; Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 1.) In 1997, plaintiff voluntarily quit that position. (Def.'s LR 56.1(a) Stmt. ¶ 4.) On September 27, 2000,

---

[1] Unless otherwise noted, the following facts are undisputed.



plaintiff was rehired by defendant as the manager of a garage at Monroe and Wells in Chicago. (Id. ¶ 5.[2])

Plaintiff's employment with defendant was controlled by a collective bargaining agreement between defendant and Teamsters Local No. 727. (Id. ¶ 2.) That agreement requires defendant to consider seniority company-wide before engaging in layoffs. (Id.) Seniority is defined as "length of continuous service from an employee's first day of continuous employment in the industry as a member of the Union," and can be broken in a number of ways, including by a voluntary quit. (Dardovski Aff., Ex. A at 2.)

In February 2001, defendant terminated its management agreement with the owner of a parking garage at 3600 Lake Shore Drive ("Garage 315") for economic reasons. (Def.'s LR 56.1(a) Stmt. ¶ 6.) When the agreement ended, Mike Duffy, a white male, was the manager of Garage 315. (Id. ¶ 7; Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 5.) Duffy had been a garage manager for defendant since September 1998. (Def.'s LR 56.1(a) Stmt. ¶ 8.[3]) Defendant replaced plaintiff, who had the least seniority of all of defendant's garage managers, with Duffy. (Id.) Though defendant says there were problems with plaintiff's performance, his lack of seniority was the only reason for his discharge. (Id. ¶ 12.[4]) Plaintiff contends that he was terminated because of his race.

---

[2]Plaintiff did not respond to this fact statement. By operation of Local Rule 56.1, therefore, he is deemed to have admitted it. See LR 56.1(b).

[3]See n.2.

[4]Plaintiff denied the assertion in this fact statement without any citation to the record. By operation of Local Rule 56.1, therefore, he is deemed to have admitted it. See LR 56.1(b).

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Discussion

Title VII prohibits employment discrimination on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2. Section 1981 prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981 (a)-(b). "While section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical." Von Zuckerstein v. Argonne Nat'l Lab., 984 F.2d 1467, 1472 (7th Cir. 1993).

Having no direct evidence of discrimination, plaintiff must comply with the indirect, burden-shifting method of proof articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), if he is to defeat this motion. Jackson v. E.J. Brach Corp., 176 F.3d 971, 982 (7th Cir. 1999). Under that method, plaintiff must first establish a prima facie case of discrimination. Id. If he does

so, the burden of production shifts to defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. Id. If defendant carries its burden, plaintiff must show that the proffered reason for the employment decision is merely a pretext. Id.

To establish a prima facie case on his discrimination claims, plaintiff must show that: (1) he is a member of a protected class; (2) he was meeting defendant's legitimate expectations; (3) he suffered an adverse employment action; and (4) defendant sought a replacement for him. Id. at 983 (discussing prima facie case elements in the context of a reduction in force). Plaintiff is African American, was terminated and was replaced by a white manager. (See Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 1, 3, 5.) Thus, the first, third and fourth elements are met. Moreover, though defendant contends there were problems with plaintiff's performance, it is undisputed that those problems played no role in the decision to terminate him. (See Def.'s LR 56.1(a) Stmt. ¶¶ 5, 8, 12; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 5, 8, 12.[5]) The second element, therefore, is also met.

Having established a prima facie case, the burden shifts to defendant to articulate a legitimate nondiscriminatory reason for its decision. The reason, defendant says, was plaintiff's lack of seniority. Plaintiff contends that reason is pretextual because: (1) Wael El Kahaly, another employee of defendant, told plaintiff that defendant hired three white managers around the time of plaintiff's termination (Pl.'s LR 56.1(b)(3)(B) Stmt., Ex. A, Mwachande Dep. at 52-54); and (2) plaintiff noticed a pattern of discrimination against African-American managers during his tenure with defendant (id. ¶ 9).

El Kahaly's statement, coming as it does through plaintiff, is only admissible if it constitutes an admission of defendant. FED. R. EVID. 801(c), (d)(2)(D). The statement is an admission only if

---

[5]See nn.2 & 4.

El Kahaly was defendant's agent or servant when he made it and the statement concerns a "matter within the scope of [his] agency or employment." FED. R. EVID. 801(d)(2)(D). El Kahaly's statement does not satisfy either requirement.

First, it is undisputed that El Kahaly was no longer an employee of defendant when he made the statement. (See Pl.'s LR 56.1(b)(3)(B) Stmt., Ex. A, Mwachande Dep. at 53 (stating that El Kahaly made the statement in April 2001); Dardovski Supp. Aff. ¶ 2 (stating that El Kahaly left defendant's employ in March 2001).) Moreover, even if he had been, his statement would still not be an admission because there is no evidence that it concerned a matter within the scope of his employment. Plaintiff says that El Kahaly was defendant's Director of Operations for Hotels, (Pl.'s LR 56.1(b)(3)(B) Stmt., Ex. A, Mwachande Dep. at 54), but he does not explain what that job entails. There is no evidence, for example, that El Kahaly made the decision to hire, or was otherwise involved in the process of hiring, these unidentified garage managers, that these particular managers were hired to work at hotel garages or that such hiring decisions were generally a part of El Kahaly's job duties. On the contrary, plaintiff admits that he has "no knowledge of what [El Kahaly's] basis" was for making the statement, (id.), and defendant says that El Kahaly "never had authority to speak on [its] behalf [about] personnel matters." (Dardovski Supp. Aff. ¶ 4.) Absent some evidence from which we can infer that the statement was made during El Kahaly's employment and concerned a matter within its scope, it does not constitute an admission by defendant or admissible evidence of pretext. See Stagman v. Ryan, 176 F.3d 986, 996 (7th Cir. 1999) (statement is admissible as an admission under Rule 801(d)(2)(D) only if court "determine[s] [that] the employee was authorized by his employer regarding the matter about which he allegedly spoke").

Plaintiff fares no better with the alleged pattern of discrimination. Although he asserts that

two African-American managers, Messrs. Doumia and Coulivaly, "were disciplined more severely and treated more poorly than non-black managers," (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 9), he has no evidence to support that statement. The record contains no facts at all about Mr. Doumia and though plaintiff testified that Mr. Coulivaly was demoted unfairly, he also admitted that he had "no firsthand knowledge of why" the demotion occurred. (Pl.'s LR 56.1(b)(3)(B) Stmt., Ex. A, Mwachande Dep. at 35-38.[6]) In the end, all we are left with is plaintiff's unsubstantiated "belie[f] . . . that . . . the reason they wanted to get rid of [him]" was because he was black, (id. at 34-35), which is insufficient to avert summary judgment, no matter how heartfelt.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on any of the claims plaintiff asserts against defendant. Defendant's motion for summary judgment is, therefore, granted. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 2-18-03

---

[6]Plaintiff's deposition testimony refers to a manager named "Al." Because plaintiff cites this testimony in support of his assertions about Mr. Coulivaly, we have assumed that Al and Mr. Coulivaly are the same person.

-6-